UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BERNARD T. ANDERSON BEY,

                              Plaintiff,

            -against-

ACS; GILIAN HUDSON; ABIGAIL
FLOYD,

                              Defendants.

19-CV-3859 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiff Bernard T. Anderson Bey, appearing *pro se*, brings this action under 42 U.S.C.

§ 1983, alleging that Defendants are violating his constitutional rights. By order dated May 7,

2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in*

*forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an

amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

        The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

Plaintiff filed this complaint against the New York City Administration for Children's Services, Gilian Hudson, and Abigal Floyd. The complaint alleges as follows:

> My constitutional due process rights are continuously violated procedurally by said defendants. Further I have not been afforded equal protection of the law in the fact that said defendants intimidate the plaintiff's family resources to hinder and hamper the plaintiff to properly care for his daughter [JJ]. The plaintiff has filed for permanent housing repeatedly and said defendants resort to all means to prevent the plaintiff from securing permanent housing and from relying on family with permanent housing by denying said resources when the[y] are submitted. And utilizing emergency removal through tactics of unlawful invasion of privacy.

(ECF No. 2 at III.) It is not clear who Hudson and Floyd are or what they did to be named as defendants. Plaintiff seeks injunctive relief and money damages. (*Id.* ¶ IV.)

Plaintiff previously filed a complaint alleging that ACS and other defendants were violating his constitutional rights in connection with family court proceedings and his daughter's custody. In that case, the Court issued an order on October 24, 2017, directing Plaintiff to file an amended complaint because his original pleading did not comply with federal pleading rules.

Plaintiff failed to file an amended complaint, and the Court dismissed that case for failure to state a claim. *See Bey v. City of New York*, No. 17-CV-5494 (CM) (S.D.N.Y. Jan. 9, 2018), 18-5900-cv (2d Cir. Aug. 13, 2018) (dismissing appeal as lacking an arguable basis in law or fact).

## DISCUSSION

### A. Section 1983

Plaintiff asserts claims under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." West v. Atkins, 487 U.S. 42, 48-49 (1988).

This complaint fails to comply with federal pleading rules, and does not give rise to any viable § 1983 claims.[1] Plaintiff alleges that Defendants are violating his right to equal protection and due process, but he does not explain who the individual Defendants are what they specifically did or failed to do that violated Plaintiff's constitutional rights.

### B. Rule 5.2(a)(3) of the Federal Rules of Civil Procedure

In Plaintiff's submissions and attachments, he includes his daughter's name. Rule 5.2(a)(3) of the Federal Rules of Civil Procedure requires that any references to a minor child in court submissions must be made by referring to the minor's initials. The Court has directed the Clerk of Court to limit access to the complaint on the Court's CM/ECF database to a "court-view only" basis. Should Plaintiff file an amended complaint, he should refer his daughter on solely by her initials.

---

[1] The Court laid out these issues for Plaintiff in the October 24, 2017 order to amend issued. in 17-CV-5494.

**LEAVE TO AMEND**

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended

complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-3859 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 20, 2019
         New York, New York

COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes   ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                            (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| First Name | Middle Initial | Last Name |
| --- | --- | --- |

Street Address

| County, City | State | Zip Code |
| --- | --- | --- |

| Telephone Number | Email Address (if available) |
| --- | --- |

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State               Zip Code

Defendant 2:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State               Zip Code

Defendant 3:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State               Zip Code

Defendant 4: _____

            First Name                  Last Name

            _____

            Current Job Title (or other identifying information)

            _____

            Current Work Address (or other address where defendant may be served)

            _____

            County, City               State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BERNARD BEY; J.J, INFANT DAUGHTER,

Plaintiffs,

-against-

THE CITY OF NEW YORK; BAILEY
HOUSE, INC.; A.C.S.; H.R.A.,

Defendants.

17-CV-5494 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action on behalf of himself and his infant daughter

under 42 U.S.C. § 1983, alleging that Defendants violated their constitutional rights. By order dated

October 4, 2017, the Court granted Plaintiff's request to proceed without prepayment of fees, that is,

*in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an

amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous

or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack

Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the

Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates

dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris

v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal

quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff's submissions are not the model of clarity, but the Court takes the following facts from Plaintiff's complaint and attachments, as well as Plaintiff's October 4, 2017 letter and attachments. Plaintiff's allegations arise out of proceedings pending in the Family Court of the State of New York, Kings County. Plaintiff, who currently resides at the Bailey House, Inc., is the biological father of J.J. The proceedings pending in family court appear to be neglect proceedings against J.J's mother. Plaintiff, as J.J.'s biological father, is listed as an Interested Party on the Interim Order that Plaintiff attaches to his complaint. That order directs that Plaintiff is not to bring his daughter to the Bailey House, Inc., and that he is to comply with a prior order dated February 24, 2017. But Plaintiff fails to attach any prior family court orders to his complaint. Plaintiff does, however, attach to his complaint a letter from the Bailey House, Inc., indicating that they would like to install a window guard in Plaintiff's room before his next visit with his daughter.

Plaintiff asserts that Defendant A.C.S. has discriminated against him because of his gender and race. But Plaintiff fails to detail what Defendants did or failed to do that discriminated against him.

Plaintiff seeks monetary damages and injunctive relief. Specifically, Plaintiff seeks "to restrain defendants to prevent them from employing procedures that prevent him from executing his parenting plan in regards to the rights stated supra. . . ." (Compl. at ¶ V.)

**DISCUSSION**

**A.      Rule 5.2(a)(3) of the Federal Rules of Civil Procedure**

In Plaintiff's submissions and attachments, he includes the full name of his daughter, who is a minor. Rule 5.2(a)(3) of the Federal Rules of Civil Procedure requires that any references to a minor in court submissions must be made by referring to the minor's initials. In light of Plaintiff's

failure to comply with this rule, the Clerk of Court is directed to limit access to all the documents in this case on the Court's CM/ECF database to a "party view only" basis.

Plaintiff is directed that all future documents filed in this case should include only the initials of any minor children. *See* Fed. R. Civ. P. 5.2(a)(3).

**B.      Nonattorney Parent Cannot Represent Child**

To the extent plaintiff asserts claims on behalf of his daughter, these claims must be dismissed. It is well-established that a nonattorney parent cannot represent a minor child *pro se*.  *See Cheung v. Youth Orchestra Found.*, 906 F.2d 59, 61-62 (2d Cir. 1990) ("[a] non-attorney parent must be represented by counsel bringing an action on behalf of his or her child"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[b]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause"); *Wenger v. Canastota Central Sch. Dist.*, 146 F.3d 123, 125 (2d Cir. 1998) (per curiam) (minor children, "'are entitled to trained legal assistance so their rights may be fully protected'") (quoting *Cheung*, 906 F.2d at 61); *Fauconier v. Committee on Special Education*, No. 02 Civ. 1050, 2003 WL 21345549, at *1 (S.D.N.Y. June 10, 2003) ("court has an affirmative duty to enforce the rule that a non-attorney parent must be represented by counsel when bringing an action on behalf of his or her child") (citing *Cheung*, 906 F.2d at 61); Fed. R. Civ. P. 17(c) (infant or incompetent person may sue by his legal representative or guardian ad litem); 28 U.S.C. § 1654 (parties may conduct own cases personally or by counsel). *But see Maldonado v. Apfel*, 55 F. Supp. 2d 296, 302-308 (S.D.N.Y. 1999) (nonattorney parents may represent their minor children without assistance of counsel in appeals to district court from administrative denial of supplemental security income (SSI) benefits).

Plaintiff's claims on behalf of his daughter are dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    Domestic Relations Exception

This Court does not have jurisdiction to consider claims arising out of Plaintiff's family court proceedings. The Supreme Court has long recognized that "the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890)). Therefore, "'divorce, alimony, and child custody decrees' remain outside federal jurisdictional bounds." *Bukowski v. Spinner*, No. 17-CV-0845 (JS) (ARL), 2017 WL 1592578, at *2 (E.D.N.Y. Apr. 28, 2017) (quoting *Marshall v. Marshall*, 547 U.S. 293, 308 (2006)).

While this so-called domestic relations exception to federal jurisdiction arose from the interpretation of the federal diversity statute, district courts "routinely apply the exception to cases brought under the federal courts' federal questions jurisdiction." *Fernandez v. Turetsky*, No. 12-CV-4092 (SLT), 2014 WL 5823116, at *2 (E.D.N.Y. Nov. 7, 2014); *see also Ankenbrandt*, 504 U.S. at 705 (noting that it may be appropriate for Courts to abstain from exercising subject matter jurisdiction "in a case involving elements of the domestic relationship even when the parties do not seek divorce, alimony, or child custody"); *Martinez v. Queens Cty. Dist. Atty.*, 596 F. App' x 10, 12 (2d Cir. Jan. 7, 2015) (summary order) (noting that "subject matter jurisdiction may be lacking in actions directed at challenging the results of domestic relations proceedings"), *cert. denied sub nom. Martinez v. Brown*, 135 S. Ct. 1855 (2015); *Mitchell-Angel v. Cronin*,  No. 95-7937, 1996 WL 107300, at *2 (2d Cir. Mar. 8, 1996) (unpublished table opinion) ("District courts in this Circuit have held that the exception includes civil rights actions directed at challenging the results of domestic relations proceedings." ); *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (per curiam) ("A federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts."); *Sobel v. Prudenti*, 25 F. Supp. 3d 340, 354-55

(E.D.N.Y. 2014) ("Plaintiff asks the Court to 'undo' the domestic relations orders issued by the state courts, . . . However, under the domestic relations exception, this Court cannot and will not provide the relief Plaintiff seeks."). And "[w]hile the domestic relation exception itself is narrow, it applies generally to issues relating to the custody of minors." *Mitchell-Angel*, No. 95-7937, at *2 (internal citations omitted) (citing *Williams v. Lambert*, 46 F.3d 1275, 1283 (2d Cir. 1995), and *Hernstadt v. Hernstadt*, 373 F.2d 316, 327 (2d Cir. 1967)).

The gravamen of the complaint concerns Plaintiff's ongoing family court proceedings, which relate directly to the custody of his minor child. Therefore, the domestic relations exception applies,[1] and the Court lacks subject-matter jurisdiction to consider those claims. *See* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative. . . .").

**D.     Pending State-Court Proceedings**

To the extent that Plaintiff, in seeking injunctive relief, asks this Court to intervene in his pending state-court proceedings, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Heicklen v. Morgenthau*, 378 F. App' x 1, 2 (2d Cir. 2010) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)). This

---

[1] To the extent that Plaintiff challenges any final determinations of the family court, his claims are likely barred under the *Rooker-Feldman* doctrine, even if the domestic relations exception does not apply in this case. The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state-court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). The doctrine applies here to the extent that Plaintiff lost custody of his minor child in state court, complains of that loss here, and seeks this Court's review of that decision.

doctrine has been extended to civil actions. *See Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006); *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) ("*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." ).

*Younger* abstention seeks to avoid federal court interference with ongoing state criminal prosecutions, state-initiated civil enforcement proceedings, and state civil proceedings that involve the ability of state courts to perform their judicial functions. *Jones v. Cnty. of Westchester*, 678 F. App'x 48, 49-50 (2d Cir. 2017) (summary order). Thus, abstention is appropriate in only three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jaco*bs, 134 S. Ct. 584, 588 (2013).

In *Sprint*, the Supreme Court opined that family court abuse and neglect proceedings are suitable for *Younger* abstention because they are a type of state-initiated civil enforcement proceedings that are "akin to [] criminal prosecution." *See Sprint*, 134 S. Ct. at 592 (citing *Moore v. Sims*, 442 U.S. 415, 419-420 (1979)); *see also Davis v. Baldwin*, 594 F. App'x 49, 51 (2d Cir. 2015) (summary order) (noting that the Supreme Court placed "a state-initiated proceeding to gain custody allegedly abused by their parents" in the second *Sprint* category).

The family court proceedings, as determined by the attachments to Plaintiff's complaint, and his October 4, 2017 letter and attachments – a state-initiated investigation of abuse or neglect allegations, followed by the removal and placement of the child into foster care – rest comfortably within the *Sprint* factors. Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to the pending state-court proceedings. Therefore, the Court will not intervene in

those proceedings and dismisses, under *Younger*, those claims for injunctive relief that are not already barred by the domestic relations exception to federal jurisdiction.

### E.  Request for Injunctive Relief

On October 16, 2017, Plaintiff filed a motion requesting preliminary injunctive relief. Plaintiff seeks to have this Court "order ACS to conduct a service plan consistent with its Constitutional preventative services obligation and further restraining [sic] ACS and Bailey House Inc. from initiating orders which are unconstitutional and not in accordance with federal and local law to prevent irreparable injury of the plaintiff's[sic]." (Motion at 2.) To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor.  *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000).  Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As set forth above, Plaintiff's claims regarding his pending family court proceedings are barred by the domestic relations exception to federal jurisdiction and the *Younger* abstention doctrine. The Court finds therefore that Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor.  Accordingly, Plaintiff's motion for preliminary injunction (ECF # 9) is denied.

**F.      Section 1983 Claims**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A plaintiff must also satisfy Rule 8 of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff alleges that Defendants discriminated against him on the basis of his gender and race. Plaintiff, however, fails to allege what Defendants did or failed to do that was discriminatory. Beyond Plaintiff's conclusory statements of discrimination, he fails to describe how any Defendant was involved in the alleged violation of his rights.

**G.      Municipal Liability**

Plaintiff alleges that the City of New York's "policies and procedures are biased against males," and "predatorally [sic] target low income minorities who can not [sic] afford legal

representation in order to obtain Federal Funding through the Child Abuse Prevention and Treatment Act." (Compl. at 8-9.)

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff fails to allege facts that state a claim against the City of New York.

## H. A.C.S. and H.R.A.

Plaintiff's claims against the Administration for Children's Services (A.C.S.) and the Human Resources Administration (H.R.A.) must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

## I.     Bailey House, Inc.

Plaintiff's claims against Bailey House, Inc., must also be dismissed. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendant Bailey House, Inc., is a private party who does not work for any state or other government body, Plaintiff has not stated a claim against this Defendant under § 1983.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint solely to detail his discrimination claims and his municipal liability claims against the City of New York. Plaintiff must name as the defendants in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting his claims against the City of New York, and his claims against any individual defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

The Clerk of Court is further directed to limit access to this order and the other documents currently filed in this case on the Court's CM/ECF database to a "party view only" basis.

Plaintiff is directed that all future documents filed in this case should include only the initials of any minor children. *See* Fed. R. Civ. P. 5.2(a)(3).

Plaintiff's motion for preliminary injunction (ECF # 9) is denied.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 17-CV-5494 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed and cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  October 24, 2017
        New York, New York

COLLEEN McMAHON
Chief United States District Judge